IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY ATTERBURY,

        Plaintiff,                      No. CIV S-05-1365 LKK DAD P

    vs.

LAURIE VAN DIVER, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is proceeding pro se with this civil rights action.  Defendant Van Diver has filed an answer to the complaint, and plaintiff has responded by filing "Plaintiff's Initial Response to 'Defendant Laurie Van Diver's Answer to Complaint and Demand for Jury Trial'" as well as a motion to amend his complaint and for injunctive relief.

        Rule 7 of the Federal Rules of Civil Procedure provides as follows:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.  <u>No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer</u>.

Fed. R. Civ. P. 7(a) (emphasis added).  The court has not ordered plaintiff to file a reply to the answer and declines to do so.  Plaintiff's unauthorized response will be disregarded.

1

1  Plaintiff's motion to amend is a further reply to defendant's answer. Plaintiff
2  states that he "has decided it would be a lot easier for him, the Court, and Defendant if he
3  submits an amended complaint, instead of and rather than him 'picking through' Defendant's
4  answer and refuting Defendant's claims 'piecemeal.'" The Federal Rules of Civil Procedure do
5  not require or permit plaintiff to "pick through" the defendant's answer, refute defendant's
6  claims, and rebut defendant's affirmative defenses. Defendant has not moved to dismiss the
7  complaint on any of the grounds specified in Rule 12, and plaintiff is not at risk of losing his
8  right to a hearing on the merits of his claims due to any procedural deficiency in his complaint.
9  Justice does not require that plaintiff be permitted to amend his complaint merely for the purpose
10 of responding to defendant's answer. Defendant is relieved of the obligation to respond to
11 plaintiff's motion to amend, and the motion will be denied.

12  Plaintiff's request for injunctive relief concerns institutional policies regarding
13 photocopies at Napa State Hospital. Plaintiff seeks a broad order directed at persons who are not
14 parties to this action. Plaintiff's request for injunctive relief does not comply with the
15 requirements of Local Rule 65-231 and will be denied. Plaintiff is cautioned against submitting
16 unnecessary exhibits and is also advised that documents filed with the court are public
17 documents that are neither confidential nor private.

18  IT IS HEREBY ORDERED that:

19  1. Plaintiff's October 19, 2005 response to answer will be disregarded; and

20  2. Plaintiff's October 20, 2005 motion to amend complaint and for injunctive
21 relief is denied.

22 DATED: October 25, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

25 DAD:13
   atte1365.mta