IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY ATTERBURY,

    Plaintiff,                       No. CIV S-05-1365 DAD P

    vs.

LAURIE VAN DIVER,

    Defendant.                  ORDER

_____/

        On January 20, 2006, the court ordered each party to file a status report setting forth specific information for the court's consideration in scheduling this matter for trial. In his status report filed January 31, 2006, the pro se plaintiff states that he would like the court's permission in accordance with Fed. R. Civ. P. 5(d) to send the defendant one or more discovery requests. Rule 5(d) does not require the parties to obtain court permission before serving discovery requests. In the court's discovery order filed October 5, 2005, the parties were advised that discovery requests should be served in accordance with Fed. R. Civ. P. 5 and Local Rule 5-135 but "shall only be filed with the court when required by Local Rules 30-250(a), 33-250(c), 34-250(c) and 36-250(c)." The order is consistent with Fed. R. Civ. P. 5(d), which provides that all papers required to be served on other parties must be filed with the court except that "discovery requests and responses must not be filed until they are used in the proceeding or the

1  court orders filing." Fed. R. Civ. P. 5(d). Plaintiff should serve his discovery requests on
2  defendant's attorney with a proof of service, but he should not send copies to the court for filing.
3  If it becomes necessary to file a motion to compel discovery, plaintiff should attach, as exhibits,
4  copies of the discovery request at issue, his proof of service, and any response by defendant.
5  Plaintiff's request for permission to serve discovery requests will be denied as unnecessary.

6  On February 15, 2006, plaintiff filed a document titled "Some Exhibits, Notice of
7  Related Cases (Civil L.R. 3-12(a), and More on Status Report, Despite Efforts of Defendants'
8  Affiliates to Prevent This." Upon consideration of plaintiff's notice of related cases, the court
9  has related plaintiff's cases but has declined to consolidate them. To the extent that plaintiff's
10 filing constitutes a supplemental status report with exhibits, the court notes that plaintiff was
11 directed to list the exhibits he plans to offer at trial. The exhibits have been submitted
12 prematurely and will be disregarded. In addition, the court will disregard plaintiff's allegations
13 of unconstitutional conditions of confinement at Napa State Hospital and plaintiff's related
14 request for legal materials or appointed counsel. Plaintiff's claims concerning conditions of
15 confinement at Napa State Hospital should be presented to a court that has jurisdiction over those
16 claims and the persons who are alleged to have violated plaintiff's rights. Plaintiff has also
17 requested "some sort of assurance for my incarcerated witnesses, to allay their uncertainties and
18 reservations." Plaintiff proposes that the court assure his witnesses that they will not be "placed
19 in jail or . . . in dangerous or unpleasant holding cells when they are transported to testify." The
20 court cannot give plaintiff or his prospective witnesses such assurance.

21 After defendant's status report was filed, plaintiff filed a document titled
22 "Questions Prompted by the Defendant Laurie Vandiver's Status Report." The court is unable to
23 give plaintiff legal advice on how to proceed. Plaintiff is referred to the scheduling order filed
24 concurrently with this order.

25 On March 13, 2006, plaintiff filed a document titled "Request for Emergency
26 Temporary Restraining order, Preliminary Injunction, and Order to Show Cause." Plaintiff seeks

1 relief that goes to the merits of his claims as well as intervention in state commitment
2 proceedings.  Plaintiff requests an order preventing defendant Van Diver, the attorneys
3 representing plaintiff in the state court proceedings, and the El Dorado County Superior Court
4 from confining him in the El Dorado County Jail "for any reason whatsoever," including
5 proceedings that were scheduled for March 21, 2006, and permitting plaintiff to proceed to "the
6 higher courts."  Plaintiff's request is not accompanied by a memorandum of points and
7 authorities demonstrating this court's authority to interfere in ongoing state court proceedings,
8 declarations demonstrating that plaintiff will suffer irreparable injury if his request is not granted,
9 and evidence of notice to all individuals and entities that would be affected by the orders sought.
10 See Local Rule 65-231.  Plaintiff's request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for permission to serve discovery requests are denied as unnecessary; and

2. Plaintiff's March 13, 2006 request for emergency temporary restraining order, preliminary injunction, and order to show cause is denied.

DATED: April 6, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
atte1365.reqs

3