1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY ATTERBURY,

11            Plaintiff,                    No. CIV S-05-1365 DAD P

12        vs.

13   LAURIE VAN DIVER,

14            Defendant.                    ORDER

15   _____/

16            Plaintiff, a state prisoner proceeding pro se with a civil rights action, has

17   requested appointment of counsel.

18            The United States Supreme Court has ruled that district courts lack authority to

19   require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.

20   Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may

21   request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v.

22   Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

23   (9th Cir. 1990).

24            The test for exceptional circumstances requires the court to evaluate the plaintiff's

25   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

26   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

1

1  1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

2  common to most prisoners, such as lack of legal education and limited law library access, do not

3  establish exceptional circumstances that would warrant a request for voluntary assistance of

4  counsel.  In the present case, the court does not find the required exceptional circumstances.

5          Accordingly, IT IS HEREBY ORDERED that plaintiff's April 13, 2007 motion

6  for appointment of counsel is denied.

7  DATED: April 24, 2007.

8

9  _____

DALE A. DROZD

10  UNITED STATES MAGISTRATE JUDGE

11  DAD:mp
atte1365.31

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2